UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARY WALSH and | ) | |
| BEVERLY NANCE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-1222 |
| | ) | |
| FRIENDSHIP VILLAGE OF SOUTH | ) | |
| COUNTY d/b/a FRIENDSHIP VILLAGE | ) | |
| SUNSET HILLS and | ) | |
| FV SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW Defendants Friendship Village of South County d/b/a Friendship Village Sunset Hills ("Friendship Village" or "Defendant Friendship Village") and FV Services, Inc. ("FV Services" or "Defendant FV Services") (collectively, "Defendants"), by and through their attorneys, and file their Answer to Plaintiffs' Complaint, and state as follows:

## ANSWER

1.      With respect to Paragraph 1 of the Complaint, Defendants are without sufficient information to admit or deny certain allegations of fact and/or conclusions of law contained therein – relating to Plaintiffs' current marital status, the length of time Plaintiffs have been in a relationship, and the reason Plaintiffs bring this action – and therefore deny the same.  The remainder of Paragraph 1 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 1 of the Complaint.

2.      Defendants admit only so much of Paragraph 2 of the Complaint as alleges that Friendship Village did not grant Plaintiffs' request to share a single unit, that Friendship

Village's decision not to grant that request was based on the faith-based nature of the organization and the religious convictions of its board members, and that these religious convictions are reflected in Friendship Village's Cohabitation Policy – which uses the term "marriage" to mean "the union of one man and one woman, as marriage is understood in the Bible." Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 2 of the Complaint.

3.      With respect to Paragraph 3 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

4.      Defendants admit only so much of Paragraph 4 of the Complaint as alleges that Friendship Village Sunset Hills is a senior living community that opened in 1978, and that its offerings include (but are not limited to) senior apartments, assisted living, and skilled nursing facilities. Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 4 of the Complaint.

5.      Defendants admit only so much of Paragraph 5 of the Complaint as alleges that FV Services is the sole member of Friendship Village and that since July 1, 2017, FV Services manages Friendship Village and Friendship Village Chesterfield. Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 5 of the Complaint. Defendants further state that FV Services did not exist prior to March 2017. *See* FV Services, Inc. Articles of Incorporation, attached as Exhibit A.

6.      Defendants admit only so much of Paragraph 6 of the Complaint as alleges that FV Services and Friendship Village are not operated by a church entity and that Friendship Village does not inquire about the religious beliefs of applicants seeking residency. Defendants

deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 6 of the Complaint.

7.      Friendship Village's website speaks for itself.  To the extent there are remaining allegations of fact and/or conclusions of law in Paragraph 7, Defendants deny the same.

8.      Defendants admit only so much of Paragraph 8 of the Complaint as alleges that: Plaintiffs made inquiries about moving into Friendship Village; Plaintiffs visited Friendship Village multiple times; Plaintiffs had multiple conversations with Carmen Fronczak concerning their desired move to Friendship Village; Plaintiffs eventually provided a $2,000 check (that was never cashed and was promptly returned by friendship Village) as a refundable deposit in order to be put on Friendship Village's wait list; and Plaintiff's signed a wait list agreement dated July 22, 2016.  Defendants are without sufficient information to admit or deny certain remaining allegations of fact and/or conclusions of law – concerning whether and why Plaintiffs found Friendship Village "attractive" – and therefore deny the same.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 8 of the Complaint.

9.      Defendants admit only so much of Paragraph 9 of the Complaint as alleges that: Plaintiffs had multiple conversations with Carmen Fronczak concerning their desired move to Friendship Village; Ms. Fronczak made an inquiry as to the nature of Plaintiffs' relationship; one of the Plaintiffs informed Ms. Fronczak that they were married.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 9 of the Complaint.

10.     Defendants admit only so much of Paragraph 10 of the Complaint as alleges that Ms. Fronczak informed one of the Plaintiffs that Friendship Village's Cohabitation Policy did not permit Plaintiffs to share a single residency unit at Friendship Village.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 10 of the Complaint.

11.     Defendants admit only so much of Paragraph 11 of the Complaint as alleges that Michael Heselbarth sent Plaintiff Walsh a letter dated July 29, 2016, which Plaintiffs appear to have attached to their Complaint as Exhibit 1.  As to the content of Plaintiffs' exhibits, the documents speak for themselves.  Defendants are without sufficient information to admit or deny certain remaining allegations of fact and/or conclusions of law – concerning what Ms. Walsh received – and therefore deny the same.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 12 of the Complaint.

13.     Defendants admit only so much of Paragraph 13 of the Complaint as alleges that Life Care Services managed Friendship Village through February 28, 2017.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 13 of the Complaint.

14.     Defendants admit only so much of Paragraph 14 of the Complaint as alleges that Friendship Village, through Mr. Heselbarth, issued a letter to Plaintiff Walsh dated July 29, 2016.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 14 of the Complaint.

15.     Defendants admit only so much of Paragraph 15 of the Complaint as alleges that Life Care Services sent a letter to Friendship Village and its counsel in September 2016.  Defendants further state that this was a privileged communication, as one of the recipients was counsel for Friendship Village.   Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 15 of the Complaint.

16.     Defendants admit only so much of Paragraph 16 of the Complaint as alleges that Friendship Village still applies its Cohabitation Policy.   Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 19 of the Complaint and further deny that Plaintiffs are entitled to any relief whatsoever, whether in law or in equity.

## JURISDICTION AND VENUE

20.     Paragraph 20 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of Paragraph 20 of the Complaint as alleges that this Court has subject matter jurisdiction over claims under the Fair Housing Act.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of Paragraph 21 of the Complaint as alleges that this Court has certain remedial authority.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 21 of the Complaint and further deny that Plaintiffs are entitled to any relief whatsoever, whether in law or in equity.

22.     Paragraph 22 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of Paragraph 22

of the Complaint as alleges that Plaintiffs' claims under the Missouri Human Rights Act and Fair Housing Act arise out of the same alleged events or omissions.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 22 of the Complaint.

23.    Paragraph 23 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of Paragraph 23 of the Complaint as alleges that Plaintiffs are alleging claims arising from events or omissions allegedly occurring in the Eastern District of Missouri.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 23 of the Complaint.

24.    Paragraph 24 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of Paragraph 24 of the Complaint as alleges that Plaintiffs are alleging claims arising from events or omissions allegedly occurring in the Eastern District of Missouri.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 24 of the Complaint.

## PARTIES

25.    With respect to Paragraph 25 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

26.    With respect to Paragraph 26 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

27.    Defendants admit only so much of Paragraph 27 of the Complaint as alleges that: Defendant Friendship Village is a Missouri nonprofit corporation; Friendship Village is a senior living community in Sunset Hills, Missouri; Friendship Village is currently managed by FV

Services; Friendship Village is affiliated with Friendship Village Chesterfield, a separately-incorporated entity and senior living community that is also currently managed by FV Services. Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 27 of the Complaint.  Defendants further state that FV Services did not exist until March 2017.

28.     Defendants admit only so much of Paragraph 28 of the Complaint as alleges that FV Services is a Missouri nonprofit corporation that is the sole member of both Friendship Village and Friendship Village Chesterfield and that it currently manages Friendship Village. Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of fact and/or conclusions of law in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of fact and/or conclusions of law in Paragraph 30 of the Complaint.

**FACTS**

31.     With respect to Paragraph 31 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

32.     With respect to Paragraph 32 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

33.     Paragraph 33 of the Complaint states legal conclusions to which no response is required.

34.     Defendants admit only so much of Paragraph 34 of the Complaint as alleges that Friendship Village:  is a senior living community; its offerings include (but are not limited to) skilled nursing and assisted living; it currently has approximately 386 independent living residences, approximately 118 beds in its skilled-nursing facility, approximately 61 assisted living apartments, and approximately 650 total residents.  Defendants further state that these totals may regularly change, sometimes on a daily basis.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 34 of the Complaint.

35.     Defendants admit only so much of Paragraph 35 of the Complaint as alleges that Friendship Village's offerings include (but are not limited to) independent living apartments and villas, as well as assisted living apartments.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 35 of the Complaint.

36.     With respect to Paragraph 36 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

37.     With respect to Paragraph 37 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

38.     Defendants admit only so much of Paragraph 38 of the Complaint as alleges that Friendship Village and Friendship Village Chesterfield offer a "Life Care" program.  Defendants are without sufficient information to admit or deny certain remaining allegations of fact and/or conclusions of law – concerning why Ms. Walsh and Ms. Nance were "drawn" to Friendship

Village – and therefore deny the same.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 38 of the Complaint.

39.     Defendants admit only so much of Paragraph 39 of the Complaint as alleges that Plaintiffs visited Friendship Village multiple times; Plaintiffs had multiple conversations with Carmen Fronczak concerning their desired move to Friendship Village.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 39 of the Complaint.

40.     Defendants admit only so much of Paragraph 40 of the Complaint as alleges that Plaintiffs had multiple conversations with Carmen Fronczak concerning their desired move to Friendship Village and that Ms. Fronczak showed Plaintiffs parts of the Friendship Village community.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 40 of the Complaint.

41.     Defendants admit only so much of Paragraph 41 of the Complaint as alleges that Plaintiffs had multiple conversations with Carmen Fronczak concerning their desired move to Friendship Village, parts of which related to Plaintiffs' then-current home.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 41 of the Complaint.

42.     Defendants admit only so much of Paragraph 42 of the Complaint as alleges that Friendship Village sent Plaintiffs – as with other individuals in the surrounding St. Louis area – promotional materials.  Defendants are without sufficient information to admit or deny certain remaining allegations of fact and/or conclusions of law – concerning what Ms. Walsh and Ms. Nance "felt" – and therefore deny the same.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 42 of the Complaint.

43.     With respect to Paragraph 43 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

44.     Defendants admit only so much of Paragraph 44 of the Complaint as alleges that: Plaintiffs had multiple conversations with Carmen Fronczak concerning their desired move to Friendship Village; Ms. Fronczak showed Plaintiffs parts of the Friendship Village community; Ms. Fronczak indicated to Plaintiffs that they might have the opportunity to pay reduced entrance fees.   Defendants are without sufficient information to admit or deny certain remaining allegations of fact and/or conclusions of law – concerning what Ms. Walsh and Ms. Nance "decided" – and therefore deny the same.   Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 44 of the Complaint.

45.     Defendants admit only so much of Paragraph 45 of the Complaint as alleges that: Plaintiffs provided Friendship Village with a $2,000 check (that was never cashed and was promptly returned by friendship Village) as a refundable deposit in order to be put on Friendship Village's wait list; and Plaintiff's signed a wait list agreement.   Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 45 of the Complaint.

46.     Defendants admit only so much of Paragraph 46 of the Complaint as alleges that Plaintiffs had multiple conversations with Carmen Fronczak concerning their desired move to Friendship Village, parts of which related to Plaintiffs' then-current home.   Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 46 of the Complaint.

47.     With respect to Paragraph 47 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

48.     With respect to Paragraph 48 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

49.     Defendants admit only so much of Paragraph 49 of the Complaint as alleges that Carmen Fronczak made an inquiry as to the nature of Plaintiffs' relationship; one of the Plaintiffs informed Ms. Fronczak that they were married.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 49 of the Complaint.

50.     Defendants admit only so much of Paragraph 50 of the Complaint as alleges that Carmen Fronczak informed one of the Plaintiffs that Friendship Village's Cohabitation Policy did not permit Plaintiffs to share a single residency unit at Friendship Village.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 50 of the Complaint.

51.     Defendants admit only so much of Paragraph 51 of the Complaint as alleges that Plaintiffs' wait list agreement listed one address.  Defendants are without sufficient information to admit or deny certain remaining allegations of fact and/or conclusions of law – concerning what had or had not "occurred to the couple" (and why) and whether Plaintiffs took any steps to hide their relationship – and therefore deny the same.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 51 of the Complaint.

52.     With respect to Paragraph 52 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

53.     With respect to Paragraph 53 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein and therefore deny the same.

54.     Defendants admit only so much of Paragraph 54 of the Complaint as alleges that Michael Heselbarth sent Plaintiff Walsh a letter dated July 29, 2016, which Plaintiffs appear to have attached to their Complaint as Exhibit 1.  As to the content of Plaintiffs' exhibits, the documents speak for themselves.  Defendants are without sufficient information to admit or deny certain remaining allegations of fact and/or conclusions of law – concerning what Ms. Walsh received – and therefore deny the same.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 54 of the Complaint.

55.     Plaintiffs' exhibit speaks for itself.  To the extent there are remaining allegations of fact and/or conclusions of law in Paragraph 55 of the Complaint, Defendants deny the same.

56.     Defendants admit only so much of Paragraph 6 of the Complaint as alleges that FV Services and Friendship Village are not operated by a church entity and that Friendship Village does not inquire about the religious beliefs of applicants seeking residency.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 56 of the Complaint.

57.     Defendants admit only so much of Paragraph 57 of the Complaint as alleges that Friendship Village still applies its Cohabitation Policy.   Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 58 of the Complaint.

59.     Defendants admit only so much of Paragraph 59 of the Complaint as alleges that without the prior knowledge or approval of Friendship Village's Board of Directors, a small number of couples have shared a single unit at Friendship Village despite not meeting the

requirements of the Cohabitation Policy.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 59 of the Complaint.

60.    Defendants admit only so much of Paragraph 60 of the Complaint as alleges that Plaintiffs filed a housing discrimination complaint in October 2016 that was dual-filed with both the federal Department of Housing and Urban Development ("HUD") and the Missouri Commission on Human Rights ("MCHR"), and which alleged discriminatory refusal to rent on the basis of sex and religion, naming Friendship Village, Carmen Walker, and Michael Heselbarth as respondents.  *See* MCHR Notice and Complaint, attached as Exhibit B. Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 60 of the Complaint.

61.    Defendants admit only so much of Paragraph 61 of the Complaint as alleges:  that in a letter dated October 27, 2016, the MCHR indicated that it would investigate Plaintiffs' complaint; that in a letter dated December 6, 2016 and addressed to HUD, the MCHR stated that it was "waiving this case back to HUD for investigation.  The Complainant alleges discrimination due to her sex but as that involves her sexual orientation[,] the Missouri Commission on Human Rights lacks jurisdiction"; and that in a letter dated December 9, 2016, the MCHR issued its "Determination," which stated:

> The investigation of the above-captioned complaint has determined that the Missouri Commission on Human Rights (MCHR) lacks jurisdiction over this matter because the complaint did not involve a category covered by the Missouri Human Rights Act.  Therefore, MCHR is administratively closing this case and terminating all MCHR proceedings relating to your complaint. If you are aggrieved by this decision, then you can appeal by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

MCHR Determination Letter, attached as Exhibit C.  *See also* Exhibit B; MCHR Letter to HUD, attached as Exhibit D.  Defendants deny all remaining allegations of fact and/or conclusions of

law in Paragraph 61 of the Complaint.  Defendants further state that Plaintiffs did not appeal the MCHR's determination.

62.     Defendants admit only so much of Paragraph 62 of the Complaint as alleges that: Plaintiffs' complaint in the remaining HUD matter was amended, adding claims of "discriminatory advertising, statements and notices" and "discriminatory terms, conditions, privileges, or services and facilities"; and HUD investigated Plaintiffs' amended complaint until June 2018, when Plaintiffs withdrew their complaint.  *See* HUD Notice and Amended Complaint, attached as Exhibit E; *see also* HUD Withdrawal Letter, attached as Exhibit F. Defendants are without sufficient information to admit or deny certain remaining allegations of fact and/or conclusions of law – concerning the reason Plaintiffs withdrew their complaint – and therefore deny the same.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 62 of the Complaint.

63.     With respect to Paragraph 63 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein – i.e., what HUD's investigation "revealed" – and therefore deny the same.

64.     Defendants admit only so much of Paragraph 64 of the Complaint as alleges that Life Care Services sent a letter to Friendship Village and its counsel in September 2016. Defendants further state that this was a privileged communication, as one of the recipients was counsel for Friendship Village.   Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 64 of the Complaint.

65.     With respect to Paragraph 65 of the Complaint, Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law contained therein – i.e., what HUD's investigation "revealed" – and therefore deny the same.

66.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 69 of the Complaint.

## INJURY TO PLAINTIFFS

70.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of fact and/or conclusions of law in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 73 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Federal Fair Housing Act, 42, U.S.C. § 3604

74.     Defendants incorporate their responses to all preceding paragraphs by reference as if set forth in their entirety.

**42 U.S.C. § 3604(a)**

75.     Paragraph 75 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the statutory provision referenced by Plaintiffs speaks for itself.  To the extent there are remaining allegations of fact and/or conclusions of law in Paragraph 75 of the Complaint, Defendants deny the same.

76.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 76 of the Complaint.

**42 U.S.C. § 3604(c)**

77.     Paragraph 77 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the statutory provision referenced by Plaintiffs speaks for itself.  To the extent there are remaining allegations of fact and/or conclusions of law in Paragraph 77 of the Complaint, Defendants deny the same.

78.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 80 of the Complaint.

**SECOND CAUSE OF ACTION**
**Missouri Human Rights Act, Mo. Rev. Stat. § 213.040**

81.     Defendants incorporate their responses to all preceding paragraphs by reference as if set forth in their entirety.

82.     Defendants admit only so much of Paragraph 82 of the Complaint as alleges that: in a letter dated October 27, 2016, the MCHR indicated that Plaintiffs' complaint had been dual-

filed with the MCHR and HUD and that the MCHR would investigate Plaintiffs' complaint; in a letter dated December 6, 2016, the MCHR stated that it was "waiving this case back to HUD for investigation.  The Complainant alleges discrimination due to her sex but as that involves her sexual orientation[,] the Missouri Commission on Human Rights lacks jurisdiction"; and in a letter dated December 9, 2016, the MCHR issued its "Determination," which stated:

> The investigation of the above-captioned complaint has determined that the Missouri Commission on Human Rights (MCHR) lacks jurisdiction over this matter because the complaint did not involve a category covered by the Missouri Human Rights Act.  Therefore, MCHR is administratively closing this case and terminating all MCHR proceedings relating to your complaint. If you are aggrieved by this decision, then you can appeal by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

Exhibit C.  *See also* Exhibit B; Exhibit D.  Defendants deny all remaining allegations of fact and/or conclusions of law in Paragraph 82 of the Complaint.  Defendants further state that Plaintiffs did not appeal the MCHR's determination.

83.    Defendants admit only so much of Paragraph 83 as alleges that Plaintiffs have not obtained a right-to-sue letter from the MCHR.  Defendants are without sufficient information to admit or deny the remaining allegations of fact and/or conclusions of law contained in Paragraph 83 and therefore deny the same.

## Mo. Rev. Stat. § 213.040(1)

84.    Paragraph 84 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the statutory provision referenced by Plaintiffs speaks for itself.  To the extent there are remaining allegations of fact and/or conclusions of law in Paragraph 84 of the Complaint, Defendants deny the same.

85.    Defendants deny the allegations of fact and/or conclusions of law in Paragraph 85 of the Complaint.

**Mo. Rev. Stat. § 213.040(3)**

86.     Paragraph 86 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the statutory provision referenced by Plaintiffs speaks for itself.  To the extent there are remaining allegations of fact and/or conclusions of law in Paragraph 86 of the Complaint, Defendants deny the same.

87.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations of fact and/or conclusions of law in Paragraph 89 of the Complaint.

## REQUEST FOR RELIEF

Defendants deny all allegations in the WHEREFORE paragraph – and its subparagraphs – in Plaintiffs' Complaint and specifically deny that Plaintiffs are entitled to any relief whatsoever, whether in law or equity.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering, and in defense of Plaintiffs' claims, Defendants state as follows:

1.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.     Actions taken by Defendants with respect to Plaintiffs were taken with a good-faith belief that the actions complied with all applicable laws.

3.     Any injury to Plaintiffs, the existence of which Defendants specifically deny, was caused by Plaintiffs and/or by third parties over whom Defendants had no control.

4.      Plaintiffs' claims are barred by applicable statutes of limitations or other periods of limitation.

5.      Plaintiffs' claims are barred by the equitable doctrines of laches, consent, waiver, and/or estoppel.

6.      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to satisfy their duty to mitigate their damages.

7.      Plaintiffs' claims fail to the extent they rely on the alleged violations being knowing, intentional, or willful, because Plaintiffs cannot show that Defendants knowingly, intentionally, or willfully engaged in any violations.

8.      Defendants specifically deny all allegations of Plaintiffs' Complaint not specifically admitted herein.

9.      No actions by Defendants were made with evil motive or reckless indifference to the rights of others.

10.      Plaintiffs' claims fail due to their failure to exhaust administrative remedies, including but not limited to: their failure to obtain a right-to-sue letter from the MCHR or appeal the MCHR's determination; their failure to exhaust any MHRA claims for discriminatory statements/notices; their failure to exhaust any MHRA claims against FV Services.

11.      Plaintiffs' claims must be dismissed because Defendants' actions were motivated by a factor other than sex.

12.      Defendants are entitled to recover their reasonable attorneys' fees, experts' fees, costs, and expenses upon prevailing on any or all of the claims alleged in the Complaint, to the extent that such recovery is allowed under the law.

13.     Defendants are entitled to a defense and/or exemption from liability under the Religious Freedom Restoration Act.

14.     Defendants expressly reserve the right to add additional affirmative defenses pending discovery, if the Court denies Defendants' Motion for Judgment on the Pleadings.

WHEREFORE, any and all of these defenses will act as a complete bar to recovery by Plaintiffs from Defendants, and Defendants are therefore entitled to judgment on all counts of the Complaint.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Brad Hiles*
    Brad Hiles, #28907MO
    Brian Stair, #67370MO
    190 Carondelet Plaza, Suite 600
    St. Louis, MO  63105
    Phone: 314-480-1500
    Fax: 314-480-1505
    brad.hiles@huschblackwell.com
    brian.stair@huschblackwell.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that the foregoing was filed with the Court via the Court's CM/ECF System and thus served upon all parties of record this 14th day of September, 2018.


_/s/ Brad Hiles_____