UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY WALSH and BEVERLY NANCE,<br><br>        Plaintiffs,<br><br>    v.<br><br>FRIENDSHIP VILLAGE OF SOUTH COUNTY d/b/a FRIENDSHIP VILLAGE SUNSET HILLS and FV SERVICES, INC.,<br><br>        Defendants. | No. 4:18-cv-1222-JCH |

**JOINT PROPOSED SCHEDULING PLAN**

Pursuant to this Court's Order Setting Rule 16 Telephone Conference [ECF No. 39] ("Rule 16 Order"), Plaintiffs Mary Walsh and Beverly Nance ("Plaintiffs") and Defendants Friendship Village of South County d/b/a Friendship Village Sunset Hills and FV Services, Inc. ("Defendants") (collectively, the "Parties") hereby submit their Joint Proposed Scheduling Plan.

A.  **Track Assignment**

The Parties agree that the case is appropriately assigned to Track 2: Standard.

B.  **Deadline for Joinder of Additional Parties and/or Amendment of Pleadings**

The Parties agree that any motion to join additional parties or to amend the pleadings will be filed on or before February 11, 2019, subject to the rights of both parties to amend thereafter with leave of the Court, as provided in Fed. R. Civ. P. 15.

C.     **Discovery Plan**

1.     **Disclosure or Discovery of Electronically Stored Information**

The Parties state that, at this time, there are no issues relating to the form or forms in which electronically stored information (ESI) should be produced. The Parties agree to produce documents electronically in a format compatible with commercial document review software. Plaintiffs have provided Defendants with proposed ESI production instructions, which Defendants are reviewing, but the Parties have not yet reached an agreement on the details of an ESI production protocol.

2.     **Agreement Regarding Claims of Privilege or of Protection as Trial-Preparation Material After Production**

No issues have arisen or are presently foreseen by the Parties with respect to claims of attorney-client privilege or work product. The Parties agree to comply with Fed. R. Civ. P. 26(b)(5) with respect to any information that is privileged or subject to protection as trial-preparation material.

3.     **Initial Disclosures**

Consistent with the Track 2 timeline contained in the Court's Rule 16 Order, Plaintiffs believe that discovery should begin after the Rule 16 conference on December 11, 2018. Accordingly, Plaintiffs propose that the deadline for the Parties to make initial disclosures under Fed. R. Civ. P. 26(a)(1) be set for December 21, 2018.

Given Defendants' pending Motion for Judgment on the Pleadings, Defendants believe that discovery (including initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)) should be stayed until the Court rules on Defendants' Motion, in order to conserve the Parties' resources and potentially avoid the burdens of costly and unnecessary litigation expense. If the Motion is granted, initial disclosures will not be necessary. If the Motion is denied, Defendants propose

that the deadline for the Parties to make initial disclosures under Fed. R. Civ. P. 26(a)(1) be set for thirty (30) days following the date of the Court's Order denying Defendants' Motion.

### 4.     Scope and Phases of Discovery

The Parties do not anticipate a need to conduct discovery in phases or limit discovery to certain issues.

### 5.     Expert Witness Disclosures

The Parties agree that expert disclosures can be completed approximately 4-6 months following the Parties' initial disclosures.

Accordingly, Plaintiffs propose the following deadlines to disclose the identity and reports of expert witnesses under Fed. R. Civ. P. 26(a)(2):

- Plaintiffs' expert disclosures will be due on or before April 22, 2019;
- Defendants' expert disclosures will be due on or before May 22, 2019; and
- Plaintiffs' rebuttal expert disclosures will be due on or before June 21, 2019.

Given Defendants' pending Motion for Judgment on the Pleadings, Defendants believe that discovery should be stayed until the Court rules on Defendants' Motion, in order to conserve the Parties' resources and potentially avoid the burdens of costly and unnecessary litigation expense. If the Motion is granted, expert witness disclosures will not be necessary. If the Motion is denied, Defendants propose the following deadlines to disclose the identity and reports of expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2):

- Plaintiffs' expert disclosures will be due on or before 120 days following the date of the Court's Order denying Defendants' Motion;
- Defendants' expert disclosures will be due on or before 30 days following Plaintiffs' expert disclosures; and

- Plaintiffs' rebuttal expert disclosures will be due on or before 30 days following Defendants' expert disclosures.

### 6. Presumptive Discovery Limits

At this time, the Parties agree that the presumptive limits on depositions and interrogatories under Fed. R. Civ. P. 30(a)(2)(A) and Fed. R. Civ. P. 33(a) are appropriate. Accordingly, the Parties agree that the presumptive limits of 10 depositions per side and 25 interrogatories (including discrete subparts) per side will apply in this case. The Parties reserve the right to seek additional depositions and propound additional interrogatories with leave of this Court.

### 7. Party Examinations

Plaintiffs do not anticipate requesting any physical and mental examination of any party under Fed. R. Civ. P. 35. It is unclear to Defendants at this time whether any physical and/or mental examination of Plaintiffs under Fed. R. Civ. P. 35 will be necessary. The Parties reserve the right to seek such mental or physical examination, pursuant to Rule 35, as may become appropriate.

### 8. Deadline for Completion of Discovery

Plaintiffs estimate that discovery can be completed within nine months of the Rule 16 conference and, accordingly, propose a discovery cut-off date of August 10, 2019.

Given Defendants' pending Motion for Judgment on the Pleadings, Defendants believe that discovery should be stayed until the Court rules on Defendants' Motion, in order to conserve the Parties' resources and potentially avoid the burdens of costly and unnecessary litigation expense, as well as the Court's resources, should discovery disputes arise which cannot be resolved between the Parties. If the Motion is granted, discovery will be unnecessary. If the

4

Motion is denied, Defendants propose a discovery cut-off date of nine (9) months following the date of the Court's Order denying Defendants' Motion.

### 9. Additional Matters

The Parties agree to accept service of documents not electronically filed with the Court's CM/ECF system by electronic email sent to the receiving party's attorneys of record and copied to all counsel of record for the Parties.

### D. Referral for Mediation

Plaintiffs believe a referral of the case for early mediation may be helpful in resolving Plaintiffs' claims against Defendants.

Defendants do not believe that referral of the case for early mediation would be helpful at this time.

### E. Dispositive Motions

The Parties agree that any motion for summary judgment or other dispositive motion shall be filed no later than 60 days following the close of discovery.

### F. Trial Date

The Parties estimate that the case can reasonably be expected to be ready for trial 90 days after the Court's ruling on any motions for summary judgment.

Based on the deadlines proposed by Plaintiffs above, Plaintiffs estimate that trial can begin on or after February 11, 2020. Plaintiffs note that one of their attorneys, Joseph Wardenski, has a trial in another case set to begin on March 23, 2020, and accordingly requests that the trial in this case not be set within the date range of March 16, 2020 to April 10, 2020.

Given Defendants' pending Motion for Judgment on the Pleadings, Defendants believe that the setting of a specific trial date should be stayed until the Court rules on Defendants'

Motion. If the Motion is denied, Defendants request that the Court set this matter for trial no earlier than 14-16 months following the date of the Court's Order denying Defendants' Motion.

G.     **Estimated Trial Length**

The Parties estimate that this trial will take five days.

DATED: November 30, 2018                                   Respectfully submitted,

/s/ Brad Hiles                                                          /s/ Joseph J. Wardenski
Brad Hiles, #28907MO                                      Michael G. Allen*
Brian Stair, #67370MO                                      Joseph J. Wardenski*
HUSCH BLACKWELL LLP                              Angela Groves**
190 Carondelet Plaza, Suite 600                       RELMAN, DANE & COLFAX, PLLC
St. Louis, MO  63105                                         1225 19th Street, NW, Suite 600
Phone: 314-480-1500                                         Washington, DC 20036
Fax: 314-480-1505                                             (202) 728-1888
brad.hiles@huschblackwell.com                      mallen@relmanlaw.com
brian.stair@huschblackwell.com                     jwardenski@relmanlaw.com
                                                                           agroves@relmanlaw.com

*Attorneys for Defendants*

Amy Whelan*
Julie Wilensky*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA  94102
(415) 392-6257
awhelan@nclrights.org
jwilensky@nclrights.org

Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
ACLU OF MISSOURI FOUNDATION
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
(314) 652-3114
arothert@aclu-mo.org
jsteffan@aclu-mo.org

6

Gillian R. Wilcox, #61278MO
ACLU OF MISSOURI FOUNDATION
420 W. 34th Street, Suite 420
Kansas City, MO 64111
(816) 470-9938
gwilcox@aclu-mo.org

Arlene Zarembka, #25900MO
9378 Olive Blvd., Suite 206
St. Louis, MO 63132
(314) 567-6355
arlenezarembkalaw@sbcglobal.net

*Attorneys for Plaintiffs*

\* Admitted pro hac vice
\*\* Application for pro hac vice admission forthcoming

7

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Joint Proposed Scheduling Plan was filed electronically and served by operation of the CM/ECF system on all counsel of record on November 30, 2018.

/s/ Joseph J. Wardenski
Joseph J. Wardenski
